Alvin M. Gomez, Esq., State Bar No. 137818
Frank Zeccola, Esq., State Bar No. 308875
**GOMEZ LAW GROUP**
2725 Jefferson Street, Suite 7
Carlsbad, California 92008
Telephone: (858) 552-0000
Facsimile: (760) 542-7761
Email: amglawyers@yahoo.com

*Attorneys for Plaintiff Larry Snyder, and on behalf of all unnamed Plaintiffs*
*similarly situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SNYDER, AND ON BEHALF OF ALL UNNAMED PLAINTIFFS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 4:20-CV-08419-KAW<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:<br><br>(1) Strict Liability;<br>(2) Failure to Warn;<br>(3) Negligence;<br>(4) Negligent Infliction of Emotional Distress;<br>(5) Fraudulent Concealment.<br><br>DEMAND FOR JURY TRIAL |

Plaintiff LARRY SNYDER, and on behalf of other similarly situated individuals (Jointly referred to as "Plaintiffs"), by and through his undersigned attorneys, hereby files this First Amended Class Action Complaint against Defendants Monsanto Company, sued as DOE 1, the Dow Chemical Company, sued as DOE 2, PBI Gordon Corporation, sued as DOE 4, and E.I. Dupont de Nemours and Company ("Dupont), sued as DOE 5 and DOES 6 through 50, including (Jointly referred to as "Defendants"), and hereby alleges against each Defendant as follows:

GOMEZ LAW GROUP<br>A PROFESSIONAL CORPORATION<br>2725 JEFFERSON STREET, SUITE 7<br>CARLSBAD, CALIFORNIA 92008

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the entire action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is a putative class action in which the proposed class includes at least 100 members, the amount of controversy exceeds $5,000,000 exclusive of interests and costs, and at least one putative class plaintiff is a citizen of a state different from the one of the defendants.

2. The acts and omissions complained of in this action took place in the State of California, and at least one Defendant has its domicile in the County of Alameda, State of California, on information and belief.

3. Venue is proper because the acts and/or omissions complained of took place, in whole or in part, within the venue of this Court, and/or one or more Defendant resides and does business within the venue of this court.

## NATURE OF THE ACTION

4. This is a Complaint against each Defendant for products liability, negligence, and fraud violations arising out of Defendants' manufacturing of certain products with dangerous chemicals, and among other violations as set forth below.

5. As more fully set forth herein, Defendants manufactured dangerous petroleum and other products that contained benzene and other dangerous chemicals hazardous to the health of Plaintiff and Class Members.

## PARTIES

6. Plaintiff LARRY SNYDER is currently a citizen of the State of Texas, and during the relevant time period has been a citizen of Texas, Oregon, and California. Plaintiff and Class Members are and were drivers who drove trucks at oil refineries and other entities and enterprises, including government entities.

7. Defendants are manufacturers, wholesalers, retailers, and distributors of products

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

containing benzene and similar dangerous chemicals, as well as the installers and designers of ventilation systems at plants and refineries, which, at all times relevant during the liability period, maintained offices in, among other locations, California, in the County of Alameda.

8. Defendant Monsanto Company, sued as DOE 1, manufactures, among other dangerous chemicals containing benzene, Roundup herbicide which is a proven hazard to consumers. In case *Johnson v. Monsanto Company*, San Francisco Superior Court case No. CGC-16-550128, the Jury found Monsanto Company liable to a consumer for $289 million for Roundup causing him cancer.[1] On information and belief, Monsanto Company's chemicals are also dangerous to the drivers who drive their trucks to oil refineries and cause cancer. Defendant Monsanto Company failed to warn drivers, who drove about the refineries with its chemicals or drivers' employees about the danger of these chemical or need to wear a protective gear such as respirators.

9. Defendant The Dow Chemical Company, sued as DOE 2 manufactures, among other dangerous chemicals containing benzene, 2,4-D herbicide, which is, according to World Health Organization's International Agency for Research on Cancer, a possible carcinogen. On information and belief, The Dow Chemical Company's chemicals are dangerous to the drivers who drive their trucks to oil refineries, and cause cancer. Defendant The Dow Chemical Company failed to warn drivers, who drove about the refineries with its chemicals or drivers' employees about the danger of these chemical or need to wear a protective gear such as respirators.

---

[1] On appeal the award was reduced to $78 million.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10. Defendant PBI/Gordon Corporation, Sued as DOE 4, manufactures, among other dangerous chemicals containing benzene, Trimec herbicide, which poses a cancer risk for consumers. Furthermore, PBI/Gordon Corporation manufactures Amine 400 herbicide which is, on information and belief, a possible carcinogen. On information and belief, PBI/Gordon Corporation's chemicals are dangerous to the drivers who drive their trucks to oil refineries and cause cancer. Defendant PBI/Gordon Corporation failed to warn drivers, who drove about the refineries with its chemicals or drivers' employees about the danger of these chemical or need to wear a protective gear such as respirators.

11. Defendant Dupont, sued as DOE 5, manufactures paint thinners which contain benzene which Plaintiff used while working for the Oregon State Highway Department.

12. The DOE Defendants in this action can be identified through the public and business records of the Plaintiff's employers. Plaintiff will gain access to the relevant contracts and other documents through subpoenas to the Plaintiff's employers as well as through a public-records request to determine the correct Defendants in this action.

13. Third party Oregon Department of Transportation is an Oregon state government agency with offices in Klamath Falls, Oregon. Oregon Department of Transportation employed Plaintiff as a maintenance employee from October 1989 until July 1997. During Plaintiff's employment with Oregon Department of Transportation, Plaintiff came into frequent and ongoing contact with chemicals manufactured by Monsanto Company, PBI/Gordon Corporation and by The Dow Chemical Company, among other chemicals, containing benzene. Oregon Department of Transportation's records are relevant to this action to identify the

DOE Defendants in this action. Plaintiff will request the relevant records of Oregon Department of Transportation to identify the relevant contracts to determine the DOE Defendants in this case.

14. Third party Carone & Company, Inc. is a California corporation with offices in Concord, California. Carone & Company, Inc. employed Plaintiff as a truck driver from January 2001 until August 2007. During Plaintiff's employment with Carone & Company, Inc., Plaintiff came into frequent and ongoing contact with chemicals containing benzene. Carone & Company, Inc.'s records are relevant to this action to identify the DOE Defendants in this action. Plaintiff will subpoena nonparty Carone & Company, Inc.'s business records to identify the relevant contracts to determine the DOE Defendants in this case.

15. Third party Price Gregory International, Inc. is a Delaware corporation headquartered in Katy Texas. Price Gregory International, Inc. employed Plaintiff as a truck driver at the Shell Motiva refinery in Gonzalez, Louisiana when an explosion and subsequent fire occurred in 2016. During Plaintiff's employment with Price Gregory International, Inc., Plaintiff came into frequent and ongoing contact with chemicals containing benzene. Price Gregory International, Inc.'s records are relevant to this action to identify the DOE Defendants in this action. Plaintiff will subpoena nonparty Price Gregory International, Inc.'s business records to identify the relevant contracts to determine the DOE Defendants in this case.

16. Plaintiff and Class Members are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names DOES 1 through 50, inclusive, and therefore sue such Defendants by fictitious names pursuant to Federal Rules

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

of Civil Procedure Rules 15(a)(2) and 21.  Plaintiff and Class Members will seek leave to amend this complaint to allege true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained.  Plaintiff and Class Members are informed and believe and thereon allege that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and Class Members.

17. Plaintiff and Class Members are informed and believe and thereon allege that all Defendants, including the fictitious DOE Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of the allegations are deemed "alternative" theories whenever no doing so would result in a contradiction with other allegations.

**FACTS COMMON TO ALL CAUSES OF ACTION**

18. Plaintiff Larry Snyder is a union truck driver who worked with the Service Employees International Union as a state employee from 1989 to 1994 and the teamster union from 2001 to present. During all this time, he drove dump trucks and similar vehicles. He has worked on oil refineries in Texas, Louisiana, and California, and as an herbicide applicator for the state of Oregon. He currently resides in Texas. Plaintiff and Class Members were truck drivers exposed to the chemical benzene during these jobs and similar truck driving jobs.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

19. While working as a truck driver and herbicide applicator for the Oregon State High Department, District 11 (which covers Klamath Falls and the surrounding areas), between October 1989 and July 1997, Plaintiff used and came into contact with dangerous chemicals containing benzene which were manufactured and marketed by Defendants, including Roundup, manufactured by Defendant Monsanto, sued as DOE 1; Trimec, manufactured by Defendant PBI Gordon, sued as DOE 4; 2, 4-D developed by Defendant Dow Chemical, sued as DOE 2; Amine 400 by Defendant PBI Gordon, sued as DOE 4; and other products containing Benzene which are manufactured by Defendants and which can be uncovered during discovery.

20. Plaintiff also used and came into contact with paint thinners which contain benzene and were manufactured and marketed by Defendant DuPont, sued as DOE 5, during this same time period while working for the Oregon State Highway Department.

21. Plaintiff was not advised to wear respirators and other protective gear when using Defendants' products.

22. Plaintiff alleges Defendants failed to warn and advise to wear respirators and other protective gear when using Defendants' products.

23. As a building block chemical, benzene is reacted with other chemicals to produce a variety of other chemistries, materials and, ultimately, consumer goods. On information and belief, Benzene is used to make other chemicals like Trimac, Amino 400, 2,4-D, ethylbenzene, cumene and cyclohexane, which are then reacted and used in the manufacture of a variety of materials and plastics such as polystyrene, ABS, and nylon. Benzene is thus used to make some types of lubricants, rubbers, dyes, detergents, drugs, explosives, and pesticides. Further, Benzene is naturally found in crude oil.

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

24. The potential for causing cancer of benzene-containing chemicals is well-known to Defendants. For example, World Health Organization's International Agency for Research on Cancer ruled that 2,4-D is possible carcinogen as early as 1987 and benzene-containing chemicals were discerned to be possible carcinogens in 1982. Furthermore, 2, 4-D was used in creation of the notorious Agent Orange.

25. As described by the United States Supreme Court,

> Benzene is a toxic substance. Although it could conceivably cause harm to a person who swallowed or touched it, the principal risk of harm comes from inhalation of benzene vapors. When these vapors are inhaled, the benzene diffuses through the lungs and is quickly absorbed into the blood. Exposure to high concentrations produces an almost immediate effect on the central nervous system. Inhalation of concentrations of 20,000 ppm can be fatal within minutes; exposures in the range of 250 to 500 ppm can cause vertigo, nausea, and other symptoms of mild poisoning. [Citation.] Persistent exposures at levels above 25-40 ppm may lead to blood deficiencies and diseases of the blood-forming organs, including aplastic anemia, which is generally fatal.

> Industrial health experts have long been aware that exposure to benzene may lead to various types of nonmalignant diseases . . . . As early as 1928, some health experts theorized that there might also be a connection between benzene in the workplace and [harmful medical conditions such as cancer].

*Industrial Union Dept. v. American Petrol. Inst.*, 448 U.S. 615-19 (1980).

26. As the 2004 study of the National Cancer Institute *Hematotoxicity in workers exposed to low levels of benzene* provides,

> "In a study of 250 workers exposed to benzene, white blood cell and platelet counts were significantly lower than in 140 controls, even for exposure below 1 ppm in air. Progenitor cell colony formation significantly declined with increasing benzene exposure and was more sensitive to the effects of benzene than was the number of mature blood cells."[2]

27. While "on the ground" workers often wear respirators and other protective gear to combat the effects of chemical exposure to benzene, Mr. Snyder and other truck drivers, including the Class Members in this case, wore minimal protective gear,

---

[2] See https://www.ncbi.nlm.nih.gov/pubmed/15576619

comprising at most coveralls, a raincoat, and leather gloves. Frequently, Plaintiff and Class Members wore no protective gear at all. But Plaintiff's and Class Members' exposure to benzene was often just as significant as other workers. In addition to exposure while hauling and dispersing the chemicals, Plaintiff and Class Members were required to clean their trucks at the end of the day, and therefore came into frequent contact with benzene while spraying down their trucks during the cleaning process.

28. Defendants are manufacturers, wholesalers, retailers, and distributors of dangerous chemicals containing benzene, as well as the installers and designers of ventilation systems at plants and refineries, which, at all times relevant during the liability period, produced and sold dangerous materials containing benzene which was exposed to Plaintiff and Class Members as Plaintiff and Class Members carried out their job duties as truck drivers in and around refineries, plants, and other entities.

29. Mr. Snyder reported his safety concerns to management throughout his career regarding his exposure to benzene. He advocated for respirators and other safety gear, but management mostly brushed him off.

30. Neither Plaintiff's employers nor Plaintiff and persons similarly situated knew or could have known of the nature and extend of the danger to their bodies and health, including the risk for cancer and leukemia, caused by exposure to Defendants' benzene containing products and/or vapors therefrom.

31. The CDC currently advises that "First Responders should use a NIOSH-certified Chemical, Biological, Radiological, Nuclear (CBRN) Self Contained Breathing Apparatus (SCBA) with a Level A protective suit when entering an area with an unknown contaminant or when entering an area where the concentration of the

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

contaminant is unknown."

32. The CDC further reports that

> Benzene is carcinogenic to humans. It has been associated with cancer of the blood (leukemia), which may occur with chronic exposures to benzene of 10 ppm. Information is inconclusive but suggestive of developmental toxicity and reproductive toxicity risk with chronic or repeated exposure to benzene. Adverse health effects due to long-term benzene exposure are non-specific. Effects include fatigue, headache, dizziness, nausea, loss of appetite, loss of weight, and weakness. Repeated or prolonged skin contact with liquid benzene can remove the natural oils from the skin, causing it to crack and peel. Repeated exposure to levels of benzene below 200 ppm may cause chronic CNS effects (headache, drowsiness, and nervousness). Chronic benzene exposure in the workplace has been associated with blood (hematologic) disorders, such as low platelet counts (thrombocytopenia), absence of red blood cells (aplastic anemia), and loss of all types of blood cells due to bone marrow damage.

33. In Mr. Snyder's case, he was diagnosed with Multiple Myeloma in November of 2019.

34. Cancer.org describes the condition: "Multiple myeloma is a cancer of plasma cells. Normal plasma cells are found in the bone marrow and are an important part of the immune system . . . In general, when plasma cells become cancerous and grow out of control . . . [t]he plasma cells make an abnormal protein (antibody) known by several different names, including monoclonal immunoglobulin, monoclonal protein (M-protein), M-spike, or paraprotein."

35. Mr. Snyder's doctor informed him that "there is no cure. I will be on chemo and other medicines for the rest of my life." Plaintiff begins chemotherapy in January 2020 for three months with three-week intervals. Then, he will go to an injectable, then a pill. However, these medicines have severe side effects that will plague him for the rest of his life. He is currently considering selling his home to pay for medical expenses.

36. As a result of Defendants' conduct as alleged herein, therefore, Plaintiff and Class Members have suffered harm and damages in an amount to be determined at trial.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

37. This action has been brought and may properly be maintained as a class action under Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. The Plaintiff Class is defined as follows:

**All truck drivers who drove trucks commercially in and around refineries, plants, and other commercial and governmental entities and who were exposed to Defendants' products which contained benzene, and who were diagnosed with a medical condition related to benzene poisoning from the date that is three years prior to the filing of this complaint until the present.**

38. The DOE Defendants in this action can be identified through the public and business records of the Plaintiff's employers. Plaintiff will gain access to the relevant contracts and other documents through subpoenas to the Plaintiff's employers as well as through a public records request.

39. The Class and subclass defined herein satisfy all class action requirements:

a. <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Classes will be determined by and upon analysis of records maintained by Defendants.

b. <u>Commonality</u>: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)     Whether Defendants were negligent and caused damages to Plaintiff and Class Members;

2)     Whether Defendants are liable for strict liability and cause damages to Plaintiff and Class Members;

3)     Whether Defendants are liable for products liability and cause damages to Plaintiff and Class Members;

4)     Whether Defendants failed to warn Plaintiff and Class Members regarding the dangers of benzene.

c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of Class Members. Plaintiff and Class Members sustained injuries

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

and damages arising out of and caused by Defendants' common course of conduct in violation of state law, as alleged herein.

d.   <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.   <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of Class Members, and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

40. At all times during the liability period, Plaintiff and Class Members were exposed to dangerous chemicals on account of the negligent and other conduct of the Defendants to this action.

41. Defendants' conduct, action, and inaction, as alleged herein, have caused each Plaintiff and Class Member damages including, but not limited to, medical bills, loss of wages and compensation, loss of consortium, injury, and death, and among other damages. Defendants are liable to each Plaintiff and Class Member for strict liability, products liability, negligence, and fraudulent concealment. All of the aforementioned acts are violations of the statutory and common laws of California.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

**FIRST CAUSE OF ACTION**

**STRICT LIABILITY**

42. Plaintiffs hereby incorporate by reference paragraphs 1 through 36, as though they are fully set forth herein.

43. Strict liability requires proof that the Plaintiff: 1. was harmed by a product distributed, manufactured, and/or sold by Defendant; 2. that contained a manufacturing defect; or was defectively designed; or did not include sufficient instructions or warning of; and  3. Potential safety hazards. CACI No. 1200.

44. "A manufacturer, distributor, or retailer is liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably foreseeable way." *Soule v. GM Corp.* 8 Cal.4th548, 560 (1994).

45. Further, "strict products liability causes of action need not be pled in terms of classic negligence elements (duty, breach, causation and damages)." *Elsheref v. Applied Materials, Inc.*, 223 Cal.App.4th 451, 464 (2014).

46. "[U]nder the stream-of-commerce approach to strict liability[,] no precise legal relationship to the member of the enterprise causing the defect to be manufactured or to the member most closely connected with the customer is  required before the courts will impose strict liability. It is the defendant's participatory connection, for his personal profit or other benefit, with the injury-producing product and with the enterprise that created consumer demand for and reliance upon the product (and not the defendant's legal relationship (such as agency) with the manufacturer or other entities involved in the manufacturing-marketing system) which calls for imposition of strict liability."*Hernandezcueva*, 243 Cal.App.4th at pp. 257–258.

47. Here, Defendants distributed, manufactured, and sold products containing benzene, including but not limited to crude oil, lubricants, rubbers, dyes,

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

detergents, and pesticides. Further, Defendants did not include sufficient instructions of warning of the potential safety hazards of these products.

48. As a proximate result of the aforementioned action and inaction, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

49. Namely, at all times during the liability period, Plaintiff and Class Members were exposed to dangerous chemicals on account of the conduct of the Defendants to this action.

Defendants' conduct, action, and inaction, as alleged herein, have caused each Plaintiff and Class Member damages including, but not limited to, medical bills, loss of wages and compensation, loss of consortium, injury, and death, and among other damages. Defendants are liable to each Plaintiff and Class Member for strict liability. All of the aforementioned acts are violations of the statutory and common laws of California.

## SECOND CAUSE OF ACTION
## FAILURE TO WARN

50. Plaintiff and Class Members hereby incorporate by reference paragraphs 1 through 45, as though they are fully set forth herein.

51. A cause of action for Failure to Warn exists when a Plaintiff demonstrates: 1. That Defendants manufactured, distributed, and/or sold the product; 2. That the product had potential risks that were known/or knowable in light of the scientific and/or medical knowledge that was generally accepted in the scientific community at the time of manufacture/distribution/sale; 3. That the potential risks presented a substantial danger when the product is used or misused in an intended or reasonably foreseeable way; 4. That ordinary consumers would not have

14

recognized the potential risks; 5. That Defendants failed to adequately warn or instruct of the potential risks; 6. That Plaintiff was harmed; and 7. That the lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's harm. CACI 1205.

52. Here, Defendants distributed, manufactured, and sold products containing benzene, including but not limited to crude oil, lubricants, rubbers, dyes, detergents, and pesticides.

53. Such products had potential risks that were known and knowable in light of the scientific and medical knowledge that was generally accepted in the scientific community at the time of manufacture, distribution, and sale.

54. These potential risks presented a substantial danger when the product is used or misused in an intended or reasonably foreseeable way.

55. Further, ordinary consumers would not have recognized the potential risks.

56. The Federal Hazardous Substances Act, Hazard Communication Standard, Proposition 65 and other laws, regulations and standards applicable to Defendants' business, services and products required Defendants to provide consumers, Plaintiff, Class Members and their employers with adequate warning about the substantial danger of the products they manufacture and store.

57. Defendants failed to adequately warn Plaintiff Class Members and/or their employers or instruct of the potential risks. One of Plaintiff managers, when Plaintiff asked if he could have protective gear such as respirator, responded that he will not receive any protective gear because "this is the way we've been doing it for years." This particularly demonstrates the failure of Defendants to adequately warn Plaintiff's and Class Members' employers about the substantial danger posed by Defendants' products in violation of the Federal Hazardous Substances Act,

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

Hazard Communication Standard, Proposition 65 and other laws, regulations and standards applicable to their business, services and products.

58. Further, Plaintiff and Class Members were harmed, and the lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's harm.

59. As a proximate result of the aforementioned action and inaction, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

60. Namely, at all times during the liability period, Plaintiff and Class Members were exposed to dangerous chemicals on account of the conduct of the Defendants to this action.

61. Defendants' conduct, action, and inaction, as alleged herein, have caused each Plaintiff and Class Member damages including, but not limited to, medical bills, loss of wages and compensation, loss of consortium, injury, and death, and among other damages. Defendants are liable to each Plaintiff and Class Member for failure to warn. All of the aforementioned acts are violations of the statutory and common laws of California.

## **THIRD CAUSE OF ACTION**
### **NEGLIGENCE**

62. Plaintiff and Class Members hereby incorporate by reference paragraphs 1 through 57, as though they are fully set forth herein.

63. Civil Code section 1714(a) provides in part: "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself."

64. To prove a claim for negligence, a Plaintiff must show that: (1) the Defendant acted negligently with respect to a duty imposed on the Defendant by law; (2) the Plaintiff suffered damages; and (3) the negligence caused the damages. See CACI Jury Instruction No. 400.

65. Damages for negligence include all reasonably foreseeable damages caused by the negligence and any expenses incurred to remedy the conditions comprising the negligence. Damages can also include compensation for emotional distress.

66. The negligence of the defendants, and each of them caused Plaintiff to be exposed .to each and every of defendants' benzene-containing products and each of the chemicals contained therein, causing toxins to enter his body both through inhalation and dermal absorption. Each exposure was a substantial factor in causing and contributing to Plaintiff's injuries and damages in the following particulars, among others: Defendants owed a duty to Plaintiff, LARRY SBYDER, and Class Members, and breached their duties as follows:' Defendants, and each of them, knew, or in the exercise of reasonable care should have known that the benzene-containing products, which they manufactured, designed, sold, and distributed and which were, in fact, used and handled by Plaintiff and Class Members were so prepared, manufactured, and distributed so that they were deleterious, poisonous, and highly harmful to Plaintiff's body, blood and bone marrow system, skin and. health; were. designed in a manner. that increased Plaintiff's and Class Members' exposure to benzene and did not include devices which would reduce the Plaintiff's and Class Members' benzene exposure; failed to comply with the Hazard Communication Standard, Proposition 65 and other laws, regulations and standards applicable to their business, services and products; failed to take reasonable precautions or exercise reasonable care to warn Plaintiff

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

and Class Members of the danger and harm to which he was exposed while handling said benzene-containing 'products; and failed and omitted to provide Plaintiff and Class Members with the knowledge as to reasonable and sufficient safeguards, including wearing apparel, protective equipment and appliances, and workplace practices, which could have been employed to protect him from the deleterious and harmful exposure to said products, ·including the failure to place adequate or any warnings on the products' containers to warn the handlers and users thereof of the dangers contained therein.

67. As a proximate result of the aforementioned action and inaction, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

68. Namely, at all times during the liability period, Plaintiff and Class Members were exposed to dangerous chemicals on account of the conduct of the Defendants to this action.

69. Defendants' conduct, action, and inaction, as alleged herein, have caused each Plaintiff and Class Member damages including, but not limited to, medical bills, loss of wages and compensation, loss of consortium, injury, and death, and among other damages.  Defendants are liable to each Plaintiff and Class Member for negligence. All of the aforementioned acts are violations of the statutory and common laws of California.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

**FOURTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(Civ. Code § 1714)**

70. Plaintiff and Class Members hereby incorporate by reference paragraphs 1 through 65, as though they are fully set forth herein.

71. As a result of Defendant's negligent conduct, Plaintiff and Class Members suffered severe emotional distress and are thereby entitled to general damages for the negligent infliction of emotional distress.

72. The doctrine of "negligent infliction of emotional distress" allows persons to recover damages for emotional distress on a negligence cause of action even if they were not otherwise injured or harmed. *See Molien v. Kaiser Foundation* Hospitals, 27 Cal.3d 916, 928 (1980).

73. Here, Defendants distributed, manufactured, and sold products containing benzene, including but not limited to crude oil, lubricants, rubbers, dyes, detergents, and pesticides. Defendants did not include sufficient instructions of warning of the potential safety hazards of these products, and further failed to protect Plaintiff and Class Members from the known harms caused by products containing benzene by failing to ensure that Plaintiff and Class Members wore protective gear sufficient to protect Plaintiff and Class Members from the harms caused by exposure to benzene. Defendants thus breached the standard of care, resulting in harm to Plaintiff and Class Members.

74. As a proximate result of the aforementioned action and inaction, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

75. Namely, at all times during the liability period, Plaintiff and Class Members were exposed to dangerous chemicals on account of the conduct of the Defendants to this action.

76. Defendants' conduct, action, and inaction, as alleged herein, have caused each Plaintiff and Class Member damages including, but not limited to, emotional distress. Defendants are therefore liable to each Plaintiff and Class Members for negligent infliction of emotional distress. All of the aforementioned acts are violations of the statutory and common laws of California.

## **FIFTH CAUSE OF ACTION**
### **FRAUDULENT CONCEALMENT**

77. Plaintiff and Class Members hereby incorporate by reference paragraphs 1 through 76, as though they are fully set forth herein.

78. To state a valid claim for Fraudulent Concealment, a Plaintiff must show 1. That Defendants and Plaintiff and Class Members were in a fiduciary or confidential relationship; and 2. That Defendants intentionally failed to disclose certain facts to Plaintiff and Class Members [or] That Defendants disclosed some facts to Plaintiff and Class Members but intentionally failed to disclose other/another fact[s], making the disclosure deceptive; [or] That Defendants intentionally failed to disclose certain facts that were known only to them and 3. that Plaintiff and Class Members could not have discovered; [or] That Defendants prevented Plaintiff and Class Members from discovering certain facts; 4. That Plaintiff and Class Members did not know of the concealed fact[s]; 5. That Defendants intended to deceive Plaintiff and Class Members by concealing the fact[s]; 6. That had the omitted information been disclosed, Plaintiff and Class Members reasonably would have behaved differently; 7. That Plaintiff and Class Members were harmed; and 8. That

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

Defendants' concealment was a substantial factor in causing Plaintiff's and Class Member's harm. 1901.

79. Here, Defendants and Plaintiff and Class Members were in a fiduciary relationship and Defendants intentionally failed to disclose the risks and dangers of benzene exposure to Plaintiff and Class Members that Plaintiff. Class Members further could not have discovered such risks and dangers. In addition, Plaintiff and Class Members did not know of the concealed facts and Defendants further intended to deceive Plaintiff and Class Members by concealing the facts. Further, had the omitted information been disclosed, Plaintiff and Class Members reasonably would have behaved differently. Further, Plaintiff and Class Members were harmed. Finally, Defendants' concealment was a substantial factor in causing Plaintiff's and Class Member's harm.

80. Indeed, Defendants distributed, manufactured, and sold products containing benzene, including but not limited to crude oil, lubricants, rubbers, dyes, detergents, and pesticides. Defendants further intentionally concealed the dangers of risks of benzene poisoning from Plaintiff and Class Members, did not include sufficient instructions of warning of the potential safety hazards of these products, and further failed to protect Plaintiff and Class Members from the known harms caused by products containing benzene by failing to ensure that Plaintiff and Class Members wore protective gear sufficient to protect Plaintiff and Class Members from the harms caused by exposure to benzene. Defendants' concealment of the risks and dangers of benzene exposure was a substantial factor in the harm caused to Plaintiff and Class Members.

81. As a proximate result of the aforementioned action and inaction, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

82. Namely, at all times during the liability period, Plaintiff and Class Members were exposed to dangerous chemicals on account of the conduct of the Defendants to this action, the risks and dangers of which Defendants intentionally concealed from Plaintiff and Class Members.

83. Defendants' conduct, action, and inaction, as alleged herein, have caused each Plaintiff and Class Member damages including, but not limited to, medical bills, loss of wages and compensation, loss of consortium, injury, death, and emotional distress, and among other damages.  Defendants are liable to each Plaintiff and Class Member for negligence. All of the aforementioned acts are violations of the statutory and common laws of California.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants as follows:

1. An Order pursuant to Federal Rules of Civil Procedure Rule 23 certifying this action as a class action on behalf of the Class(es) defined herein and appointing Plaintiff as a Class Representative of the class action claims, and that Gomez Law Group be appointed class counsel and counsel for the general public in pursing public remedies in addition to individual and class-wide interests;

2. For general damages against all Defendants, and each of them, in a sum to be established according to proof;

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

3.    For special damages against all Defendants, and each of them, in a sum to be established according to proof;

4.    For statutory civil penalties against all Defendants, and each of them, in a sum to be established according to proof;

5.    For reasonable attorneys' fees in a sum to be established by post-trial motion;

6.    For the costs of the suit incurred herein;

7.    For interest at the legal rate permitted by law;

8.    For punitive damages according to proof; and

8.    For such other and further relief as the court deems proper.

DATED:  January 19, 2021            **GOMEZ LAW GROUP**
                                    By:
                                    /s/ Alvin M. Gomez

                                    _____
                                    **ALVIN M. GOMEZ, Esq.**
                                    Attorneys for Plaintiffs

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury.

DATED:  January 19, 2021            **GOMEZ LAW GROUP**
                                    By:
                                    /s/ Alvin M. Gomez

                                    _____
                                    **ALVIN M. GOMEZ, Esq.**
                                    Attorneys for Plaintiffs

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES