UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SNYDER,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1 THROUGH 50, INCLUSIVE, et al.,<br><br>    Defendants. | Case No. 4:20-cv-08419-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 28, 30, 31 |

On February 18, 2021, Defendants Monsanto Company, PBI-Gordon Corporation, and The Dow Chemical Company filed separate motions to dismiss the first amended complaint for lack of personal jurisdiction and for failure to state a claim.

Upon review of the moving papers, the Court finds these matters suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendants' motions to dismiss with leave to amend.

### I.  BACKGROUND

Plaintiff filed this putative class action on behalf of truck drivers exposed to the chemical benzene while driving "trucks commercially in and around refineries, plants, and other commercial and governmental entities, … who were diagnosed with a medical condition related to benzene poisoning." (First Am. Compl., "FAC," Dkt. No. 19 ¶¶ 18, 37.)

From October 1989 through July 1997, Plaintiff worked as a union truck driver in Texas, Louisiana, and California, and worked as an herbicide applicator in Oregon. (FAC ¶ 18.) During this time, Plaintiff used and came into contact with dangerous chemicals containing benzene which were manufactured and marketed by Defendants, including Roundup (manufactured by Defendant Monsanto), Trimec and Amine 400 (manufactured by Defendant PBI-Gordon), and 2,

4-D developed by Defendant The Dow Chemical Company ("TDDC"). (FAC ¶ 19.) Plaintiff alleges that Defendants knew of the dangers of benzene exposure, but they failed to warn and advise truck drivers and herbicide applicators, such as Plaintiff and Class Members, of the danger, so they were not advised to wear respirators and other protective gear when hauling and dispersing Defendants' products. (FAC ¶¶ 21-22, 24, 27.) Frequently, Plaintiff and Class Members wore no protective gear at all. (FAC ¶ 27.) In fact, when Plaintiff reported any safety concerns to management throughout his career regarding exposure to dangerous products, management brushed him off as a direct result of Defendants' failure to warn regarding exposure. (FAC ¶ 29.) Plaintiff further alleges that "[n]either Plaintiff's employers nor Plaintiff and persons similarly situated knew or could have known of the nature and exten[t] of the danger to their bodies and health, including the risk for cancer and leukemia, caused by exposure to Defendants' benzene containing products and/or vapors therefrom." (FAC ¶ 30.) Plaintiff was diagnosed with multiple myeloma in November 2019, and he has been undergoing regular chemotherapy since January 2020. (FAC ¶¶ 33, 35.)

On February 18, 2021, Defendants filed motions to dismiss, which were very similar in substance. (Monsanto Mot., Dkt. No. 28; PBI-G Mot., Dkt. No. 30; TDDC Mot., Dkt. No. 31.) On March 4, 2021, Plaintiff filed substantially similar[1] oppositions. (Pl.'s Monsanto Opp'n, Dkt. No. 34; Pl.'s PBI-G Opp'n, Dkt. No. 35; Pl.'s TDDC Opp'n, Dkt. No. 33.) On March 11, 2021, Defendants filed their respective replies. (Monsanto Mot., Dkt. No. 36; PBI-G Mot., Dkt. No. 37; TDDC Mot., Dkt. No. 38.)

## II.  LEGAL STANDARD

### A.  Motion to Dismiss pursuant to Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction. The plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, a motion to dismiss is based on written materials rather than an

---

[1] Since Plaintiff's oppositions are substantially similar, for the purposes of this motion, the Court will cite only to his opposition to Monsanto's motion to dismiss.

2

evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). To make a prima facie showing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [the plaintiff's] favor." *Love*, 611 F.3d at 608.

### B.     Motion to Dismiss pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts

3

1  that are merely consistent with a defendant's liability, it stops short of the line between possibility
2  and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at
3  557) (internal citations omitted).

4  Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no
5  request to amend is made "unless it determines that the pleading could not possibly be cured by
6  the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations
7  omitted).

### III.   DISCUSSION

Defendants have all moved to dismiss the operative complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

#### A.   Whether the Court has personal jurisdiction over the defendants pursuant to Rule 12(b)(2).

All Defendants move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). (Monsanto Mot. at 7; TDDC Mot. at 6; PBI-G Mot. at 5.)

California's long-arm statute authorizes specific personal jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution. Accordingly, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The two recognized bases for exercising personal jurisdiction over a nonresident defendant are "general jurisdiction" and "specific jurisdiction." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

Plaintiff bears the burden of demonstrating that the court has jurisdiction over Defendant.

##### i.   Specific Jurisdiction

California's long-arm statute authorizes specific personal jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Thus, a

court may assert specific personal jurisdiction over nonresident defendants if three requirements are met:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

*Id.* at 1320. A plaintiff bears the burden of satisfying the first two requirements; the burden then shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would be unreasonable. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (citations omitted). Oddly, Plaintiff does not address specific jurisdiction in any of his oppositions. Thus, Plaintiff is deemed to have conceded that, at least for the purposes of this motion, there is no specific jurisdiction. This does not preclude Plaintiff from alleging facts to support the exercise of specific jurisdiction in the amended complaint.

### ii. General Jurisdiction

General jurisdiction over a nonresident defendant exists when the defendant engages in "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (internal citations and quotation marks omitted).

An allegation that a company maintains an office in the forum state, alone, does not establish personal jurisdiction. General jurisdiction over a corporation is always proper in (1) the state of its incorporation or (2) the state where the corporation's principal place of business is located. *See Daimler AG v. Bauman*, 571 U.S. 117, 136, 138 (2014). The operative complaint, however, does not contain any allegations pertaining to Defendants' respective states of incorporation or that they maintain their principal places of business in California.

In opposition, Plaintiff appears to be arguing that general jurisdiction exists over each of the movant defendants. (*See, e.g.,* Pl.'s Monsanto Opp'n at 6.) Plaintiff contends that Paragraph 7 contains sufficient facts to support general jurisdiction. *See id.* at 7. Paragraph 7 alleges the following facts:

> Defendants are manufacturers, wholesalers, retailers, and distributors of products containing benzene and similar dangerous chemicals, as

5

> well as the installers and designers of ventilation systems at plants and refineries, which, at all times relevant during the liability period, maintained offices in, among other locations, California, in the County of Alameda.

(FAC ¶ 7.) Despite Plaintiff's argument to the contrary, these allegations are too vague, because they do not specifically identify the jurisdictional facts indicating that each of the movant defendants had continuous and systematic contacts with California to support general jurisdiction despite that the subsequent paragraphs address each of the movant defendants individually. (FAC ¶¶ 8 (Monsanto), 9 (TDDC), 10 (PBI-Gordan).) Thus, the complaint fails to satisfy Rule 8, because it does not contain "a short and plain statement of the grounds for the court's jurisdiction…." Fed. R. Civ. P. 8(a).

As a result, the Court finds that Plaintiff has failed to sufficiently allege a basis for general jurisdiction over the movant defendants, and, therefore, dismisses the complaint under Rule 12(b)(2).[2] This deficiency, however, may be remedied through amendment, so the first amended complaint is dismissed with leave to amend.

### B. Motion to Dismiss under 12(b)(6)

Plaintiff's first amended complaint alleges five causes of action for strict liability, failure to warn, negligence, negligent infliction of emotional distress, and fraudulent concealment. (*See generally* FAC.)

#### i. Preemption

Defendants all separately argue that the complaint must be dismissed under Rule 12(b)(6) on the grounds that the state law claims are preempted by the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261, and/or the Hazardous Materials Transportation Act ("HMTA"), 49 U.S.C. § 5101. (Monsanto Mot. at 10; TDDC Mot. at 9; PBI-G Mot. at 6-7.) Since the motions are being granted with leave to amend for lack of personal jurisdiction, the Court need not address this argument.

Notwithstanding, the undersigned is not convinced that the FHSA and HMTA preempt

---

[2] Plaintiff appears to be conflating general jurisdiction with specific jurisdiction, the latter of which frequently permits the exercise of personal jurisdiction over nonresident defendants engaging in interstate commerce. *See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

6

common law torts based on strict liability and failure to warn. *See Hardeman v. Monsanto Co.*, 216 F. Supp. 3d 1037, 1038 (N.D. Cal. 2016) (California failure to warn claim not preempted by federal statute that required warning labeling). The Court notes that Defendant Monsanto was the party who unsuccessfully argued for preemption in *Hardeman,* the order for which the undersigned finds to be well-reasoned.

### ii. Claims

Alternatively, Defendants each move to dismiss all causes of action for failure to state a claim. (Monsanto Mot. at 12; TDDC Mot. at 13; PBI-G Mot. at 8.)

As an initial matter, all of Plaintiff's claims suffer from the same deficiency— the failure to allege specific conduct committed by each named defendant, and, in fact, the FAC does not identify any of them by name, opting instead to lump them together. (*See* FAC ¶¶ 42-83.) Furthermore, Plaintiff merely provides formulaic recitations of the elements of each cause of action, which is inadequate. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Plaintiff's argument that he can merely allege facts in preceding paragraphs that are common to all causes of action, without citation to specific paragraphs under each cause of action, runs afoul of Rule 8. (*See* Pl.'s Monsanto Opp'n at 13.) When amending, each cause of action must include those facts which relate to the specific cause of action, rather than merely incorporating preceding paragraphs by reference, and Plaintiff must state facts pertaining to each named defendant even if doing so seems repetitive.

While these deficiencies are sufficient to dismiss the complaint, to provide guidance to Plaintiff in amending, the Court will address each individual claim below.

#### a. Strict Liability and Failure to Warn

Plaintiff's first two causes of action are for strict liability and failure to warn. (FAC ¶¶ 42-61.) Generally, "California recognizes strict liability for three types of product defects – manufacturing defects, design defects, and warning defects." *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149, 1154 (E.D. Cal. 2010) (citing *Anderson v. Owens-Corning Fiberglas Co.*, 53 Cal. 3d 987, 995 (1991)).

As Monsanto argues, Plaintiff does not specifically allege what type of products liability

theory he is proceeding under. (*See* Monsanto Mot. at 13.)  Despite the identification of this issue, Plaintiff's opposition provides little clarity by merely implying that he is alleging a warning defect. (*See* Pl.'s Monsanto Opp'n at 12.)  Thus, in addition of being devoid of factual allegations, Plaintiff has not adequately alleged which type of product liability he is claiming.

To adequately plead a failure to warn claim, Plaintiff "must include factual allegations that explain how the subject warning is inadequate." *Lucas*, 726 F. Supp. 2d at 1156.  The only factual allegations as to this point are that Defendants "distributed, manufactured, and sold [unnamed] products containing benzene," and they failed to adequately warn Plaintiff, putative class members and/or their employers or instruct of the potential risks. (FAC ¶¶ 52, 57.)  Plaintiff fails to provide any factual contentions regarding the individual defendants, the products, what warnings were not given or how the failure to warn caused Plaintiff's injuries.  Therefore, the operative complaint is insufficient to state a claim for failure to warn.

Consequently, Plaintiff has failed to set forth sufficient facts to allege strict product liability or a failure to warn.  Because amendment is not futile, the Court dismisses the first and second causes of action with leave to amend.  That said, if Plaintiff is only alleging strict liability under a failure to warn theory, he should not plead a separate failure to warn cause of action. *See Webb v. Special Elec. Co.,* 63 Cal. 4th 167, 181, 370 P.3d 1022, 1030 (2016) ("California law recognizes separate failure to warn claims under both strict liability and negligence theories.")

b. Negligence

A claim for negligence requires the plaintiff to show a defect that caused the injury complained of, and that the defect was caused by the defendant's negligence. *Merill v. Navegar, Inc.*, 26 Cal.4th 465, 479 (2001).  Based on Plaintiff's opposition, he is alleging negligence based on the failure to warn. (*See* Pl.'s Monsanto Opp'n at 16.)  Plaintiff third cause of action, however, suffers from the same deficiency to specifically plead facts pertaining to each named defendant.  Despite Plaintiff's protestations to the contrary, it is not enough to provide common factual allegations, because each cause of action must contain "simple, concise, and direct" allegations. *See* Fed. R. Civ. P. 8(d)(1).

Accordingly, the Court dismisses the third cause of action with leave to amend.

### c. Negligent Infliction of Emotional Distress

Plaintiff's fourth cause of action is for negligent infliction of emotional distress. (FAC ¶¶ 70-76.) "[N]egligent infliction of emotional distress requires that a plaintiff show (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004). Negligent infliction of emotional distress is not an independent tort, but the tort of negligence. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984, 863 P.2d 795, 807 (1993); *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.,* 48 Cal. 3d 583, 588, 770 P.2d 278, 281 (1989).

Even so, the operative complaint "is absent [of] any facts pertaining to the nature and extent of Plaintiff[']s emotional or mental suffering," and, therefore, fails. *Burnell v. Marin Humane Soc'y*, Case No. 14-cv-5635-JSC, 2015 U.S. Dist. LEXIS 150607, at *65 (N.D. Cal. Nov. 5, 2015); *see also Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 712 (N.D. Cal. 2014) (finding insufficient facts where the plaintiff "fail[ed] to allege any form of emotional distress beyond the conclusory allegation that Defendants' actions 'cause[d] her mental anguish, anxiety, and distress' and that at some point she 'felt emotionally distressed and pained, fearing for her job and livelihood'").

Thus, this claim is dismissed without leave to amend. Specific facts pertaining to negligent infliction of emotional distress may be plead under the negligence cause of action.

### d. Fraudulent concealment

The fifth cause of action is for fraudulent concealment. (FAC ¶¶ 77-83.) Fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (a plaintiff alleging fraud must state with particularity the circumstances constituting fraud). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

Here, Plaintiff does not describe specific misconduct by Defendants, and, as with the other

causes of action, he does not identify any of the defendants by name. Rather, Plaintiff vaguely alleges that all of the defendants were in a fiduciary relationship with Plaintiff, intentionally failed to disclose the danger of benzene exposure, and Plaintiff and the putative class members could not have discovered the danger on their own. (FAC ¶ 79.)

In opposition, Plaintiff argues that the fraud allegations are sufficiently pled at this juncture, because Plaintiff cannot provide all material details related to his claims prior to discovery. (Pl.'s Monsanto Opp'n at 18.) To the contrary, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting H*askin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D. Fla. 1998) (citation, quotation omitted)). Thus, in a fraud suit involving multiple defendants, a plaintiff must "identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Thus, Plaintiff's failure to differentiate between the individual defendants requires that the claim be dismissed.

Accordingly, Plaintiff's fifth cause of action is dismissed with leave to amend to plead fraud with particularity, including the specific misconduct by each defendant, when it occurred, and when the fraud was discovered. If Plaintiff is unable to plead fraud with particularity, he should not amend at this time. Should Plaintiff later obtain discovery to support a claim of fraudulent concealment, he can move for leave to amend at that juncture.

**C.   Class Allegations**

Since Plaintiff has not established personal jurisdiction over the movant defendants, but has been granted leave to amend, the Court declines to address whether the class allegations are subject to dismissal.

//

//

//

### IV.     CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are GRANTED with leave to amend. Plaintiff shall file a second amended complaint within 21 days of this order.

IT IS SO ORDERED.

Dated: September 14, 2021

　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　KANDIS A. WESTMORE
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge